UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

RYAN COE                              §
                                      §
                                      §
V.                                    §    Civil Action No. 5:26cv2-RWS-JBB
                                      §
                                      §
DANIEL D. WAITE                       §

**ORDER GRANTING ALTERNATIVE SERVICE BY EMAIL
AND DENYING REQUEST FOR DEFAULT RELIEF**[1]

On January 8, 2026, *pro se* Plaintiff Ryan Coe ("Plaintiff") filed the above diversity case

against Daniel Waite ("Defendant"). Dkt. No. 1. Plaintiff paid the filing fee but has been unable

to effectuate service upon Defendant. Before the Court are Plaintiff's Renewed Motion for

Alternative Service and Default Relief (Dkt. No. 10) and Plaintiff's Motion for Default Judgment

(Dkt. No. 11). Plaintiff's renewed motion is **GRANTED in part and DENIED in part**, Plaintiff's

motion for default judgment is **DENIED without prejudice** as premature. As explained below,

Plaintiff's request for alternative service via email pursuant to Federal Rule of Civil Procedure

4(e)(1) and Texas Rule of Civil Procedure 106(b)(2) (Dkt. No. 10-1) is granted; however,

Plaintiff's request for validation of prior service and for leave to proceed to default immediately

(Dkt. Nos. 10-2, 11) is denied as premature, but without prejudice to refiling.

**BACKGROUND**

Plaintiff is responsible for properly serving Defendant with a summons and copy of the

complaint. *See Thompson v. Veterans United Home Loans*, No. 4:25-CV-00545-MJT-CLS, 2025

WL 2943256, at *2 (E.D. Tex. Sept. 8, 2025) (citing FED. R. CIV. P. 4(c)(1)–(2)). After multiple

---

[1] The above-referenced cause of action was referred to the undersigned United States Magistrate Judge for pre-trial purposes in accordance with 28 U.S.C. § 636.

unsuccessful attempts to serve Defendant,[2] Plaintiff filed an Amended Motion for Alternative Service by Email and Extension of Time, seeking an additional sixty days in which to serve Defendant and requesting (1) alternate service via email pursuant to Federal Rule of Civil Procedure 4(e)(1) and Texas Rule of Civil Procedure 106(b) and (2) supplemental service by certified mail pursuant to Federal Rule of Civil Procedure 4(e)(1) and Texas Rule of Civil Procedure 106(a). Dkt. No. 6. On March 10, 2026, the Court granted Plaintiff's motion, as modified, granting Plaintiff's request for an extension of time and ordering the Clerk of the Court to serve Defendant by certified mail as authorized by Texas Rules of Civil Procedure 103 and 106(a). However, Plaintiff's request for permission to serve Defendant by email was denied at that time. *See* Dkt. No. 7.

Summons and the complaint were served by the Clerk of the Court via certified mail, return receipt requested. Dkt. No. 8. However, summons was returned unexecuted on April 10, 2026. Dkt. No. 9 (envelope marked "unclaimed").

In his renewed motion for alternative service, Plaintiff again requests leave to serve Defendant by nontraditional means. Dkt. No. 10 at 1. In an attached affidavit, Plaintiff refers the Court to his "previously filed support paperwork" and requests the Court "consider all efforts exhausted," but "worst case, approve the email filing one more time." Dkt. No. 10-1.

## **APPLICABLE LAW**

Federal Rule of Civil Procedure 4(e)(1) provides that "an individual. . . may be served in a judicial district of the United States by. . . following state law for serving a summons in an action

---

[2] According to Plaintiff's first motion for alternative service, Plaintiff had made "substantial, repeated, and good-faith efforts" to serve Defendant through "six documented attempts:" (1) a private process server attempted personal service at Defendant's residence; (2) Sheriff's Department attempted service on two separate occasions; (3) FedEx delivery attempt was made and unsuccessful; (4) USPS certified mail was sent, but Defendant failed to retrieve it and it was returned; and (5) Plaintiff emailed notice of the lawsuit to Defendant and Defendant's former attorney (who acknowledged receipt of the email but confirmed he does not represent Defendant in this matter). Dkt. No. 6 at 1-2.

2

brought in courts of general jurisdiction in the state where the district court is located or where service is made. This Court is located in the State of Texas. The Texas rules specifically allow substituted service by email, if a plaintiff has shown that traditional service (i.e., by delivering to the defendant in person, or by mailing to the defendant by registered or certified mail) has been attempted but unsuccessful. *Taylor v. El Centro Coll.*, No. 3:21-CV-999-D-BH, 2022 WL 581812, at *2 (N.D. Tex. Feb. 25, 2022) (citing TEX. R. CIV. P. 106(b)), *aff'd*, No. 3:21-CV-0999-D, 2022 WL 837210 (N.D. Tex. Mar. 21, 2022). However, "[t]he court may authorize substituted service pursuant to Rule 106(b) only if the plaintiff's supporting affidavit strictly complies with the requirements of the Rule." *First Commonwealth Bank v. Greater Servs. CIL L.L.C.*, No. 3:24-CV-02985-S, 2025 WL 488419, at *2 (N.D. Tex. Feb. 13, 2025) (quoting *Mockingbird Dental Grp., P.C. v. Carnegie*, No. 4:15-cv-404-A, 2015 WL 4231746, at *1 (N.D. Tex. July 10, 2015) (citing *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990))). Courts have determined that service by email is appropriate when "(1) the plaintiff made diligent efforts to effect traditional service at a physical ... address and (2) the defendant recently used the email address." *Id.* (quoting *Rock Island Auction Co. v. Dean*, No. 3:23-CV-2642-S-BN, 2024 WL 1837970 at *4 (N.D. Tex. Apr. 26, 2024)).

## **ANALYSIS**

The record in this case establishes that Plaintiff has diligently attempted prior service on Defendant. Considering Plaintiff has now unsuccessfully attempted service by certified mail by the Clerk of the Court, and further considering Plaintiff's affidavit and previously filed documentation, the Court will order service in a manner that the record shows will be reasonably effective to give Defendant notice of the suit as allowed by Texas Rule of Civil Procedure 106(b)(2). Specifically, the Court authorizes Plaintiff to serve Defendant with a copy of the summons and complaint (with exhibits) by email to his current email address(es). Plaintiff's

paperwork reflects the email addresses ("Daniel@AltCapital.org" and "daniel@healrhealth.net") have been used by Defendant as recently as December 2025. *See* Dkt. No. 6-6; *see also Selippos Tech., Ltd. v. First Mountain Bancorp*, No. 4:12-CV-01508, 2013 WL 1181469, at *1 (S.D. Tex. Mar. 20, 2013) (finding the person to be served had used the email address "recently" when the record indicated email correspondence in the last three months).

The Court understands Plaintiff's frustration at his inability to effectuate service on Defendant through traditional means. However, the Court cannot "order immediate default now" as requested by Plaintiff. *See* Dkt. No. 10 at 1; *see also* Dkt. No. 11. Obtaining the clerk's entry of default is a prerequisite to seeking default judgment. *Orozco v. SBX Logistics, L.L.C., et al.*, No. 7:24-CV-00283, 2026 WL 886295, at *2 (S.D. Tex. Mar. 31, 2026). Prior to entering clerk's entry of default, the court must ensure that the defendant is properly served. *See James Avery Craftsman, Inc. v. Sam Moon Trading Enters., Ltd.*, No. SA-16-CV-00463-OLG, 2018 WL 4688778, at *8 (W.D. Tex. July 5, 2018).

Because the Court cannot conclude that Defendant has been properly served through Plaintiff's prior attempts, and seeing as the Clerk of the Court has not yet entered default against Defendant, Plaintiff's motion for default judgment must be denied without prejudice as premature. *See Lewis v. CH Rental Management Group, L.L.C.*, No. 4:25-CV-03242, 2026 WL 710990, at *1 (S.D. Tex. Feb. 9, 2026); *see also Peterson v. LVNV Funding L.L.C.*, No. 4:24-CV-00312-SDJ-BD, 2026 WL 249738, at *3 (E.D. Tex. Jan. 27, 2026) ("Having failed to properly serve LVNV Funding, Peterson is not entitled to an entry of default—and could therefore not obtain a default judgment."), r*eport and recommendation adopted*, 2026 WL 490376 (E.D. Tex. Feb. 20, 2026). Based on the foregoing, it is

**ORDERED** that Plaintiff's Renewed Motion for Alternative Service and Default Relief

(Dkt. No. 10) is **GRANTED IN PART and DENIED IN PART**. It is

ORDERED that Plaintiff may serve Defendant Daniel D. Waite with substitute service of process by email to Defendant Waite: "Daniel@AltCapital.org" and "daniel@healrhealth.net." It is further

ORDERED that service on Defendant will be complete upon the filing of a notice by Plaintiff, **on or before May 10, 2026**, with an accompanying affidavit that properly verifies the transmission of service by the above method.  Finally, it is

ORDERED that Plaintiff's Motion for Default Judgment (Dkt. No. 11) is denied without prejudice as premature.

SIGNED this the 22nd day of April, 2026.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE